**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD ELLINGTON, | No. 08-36066 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00047-SEH |
| v. | |
| JAMES CASHELL, individually and as the Sheriff and Agent of Gallatin County; TRAVIS SWANDAL, individually and as a Deputy Sheriff, Detective and Agent of Gallatin County; GALLATIN COUNTY, a political subdivision of the State of Montana; STATE OF MONTANA; JOHN DOES, I - X, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Edward Ellington appeals the district court's orders granting summary judgment to the Gallatin County Defendants and granting the State of Montana's Rule 12(b)(6) motion to dismiss. We affirm.

Officer Swandal and the Gallatin County Defendants were not collaterally estopped from relitigating the issue of probable cause. They were not in sufficient privity with the State of Montana to provide them a "full and fair opportunity to litigate" the issue of probable cause in the criminal prosecution of Ellington. *See Baltrusch v. Baltrusch*, 2006 MT 51 ¶18, 130 P.3d 1267, 1274 (Mont. 2006).

Officer Swandal is entitled to a qualified immunity defense. The relevant inquiry is whether "a reasonable officer could have believed that probable cause existed [for the] arrest." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Id.* at 227 (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

Officer Swandal was in the process of serving a warrant on Stacy Wizenburg's vehicle based on suspicion that she was engaged in drug distribution. It is undisputed that Ellington was speaking with the occupants of the vehicle. The casino parking lot where Ellington and the car were located was a well known place of drug activity. As the officers approached the car, Ellington moved from the

driver's side window around the front of the car. Even taking the evidence in the light most favorable to Ellington, his movement away from the driver's side window around the front of the car could have reasonably been seen as evasive.

Ellington has waived appellate review of the district court's October 27, 2008 order granting summary judgment for the remaining Gallatin County Defendants and granting the State of Montana's Rule 12(b)(6) motion to dismiss. We "review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). In his briefing to this court, Ellington discusses only the order dismissing Officer Swandal.

AFFIRMED.